**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 1:19-cv-02132-RM-MEH

DEBRA CARROLL,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFF, JEFF SCHRADER, in his official capacity,
CODY JANN, in his individual and official capacity,
THERESE S. GIST, in her individual and official capacity,
JEFFERSON COUNTY PUBLIC LIBRARY,
SHERYL DITTON, in her individual and official capacity,
EMILY KOLM, in her individual and official capacity,
CENTURA HEALTH CORPORATION d/b/a Littleton Adventist Hospital, assumed or trade name: PorterCare Adventist Health System,
DEVIN C. BATEMAN, M.D.,
TIMOTHY M. HIRSCH, P.A., and
JANE AND JOHN DOES 1-10,

    Defendants.

___

## ORDER
___

This matter is before the Court on the April 16, 2020, recommendation of United States Magistrate Judge Michael E. Hegarty (ECF No. 131) to grant in part and deny in part Plaintiff's motion to amend the first amended complaint (ECF No. 107), to deny without prejudice the motion to dismiss filed by Defendants Jefferson County Sheriff, Jann, Gist, Jefferson County Public Library, Ditton, and Kolm (collectively, "County Defendants") (ECF No. 92), and to grant the motions to dismiss filed by Defendants Hirsch, Bateman, and Centura Health Corporation (collectively, "Medical Defendants") (ECF Nos. 89, 93, 94).

Plaintiff, who proceeds pro se, has filed objections to the recommendation (ECF No. 132), and the Medical Defendants have each responded to the objections (ECF Nos. 133, 134, 135). Plaintiff has filed a reply to the responses (ECF No. 136). For the reasons below, the Court overrules Plaintiff's objections and accepts and adopts the recommendation, which is incorporated herein by reference, *see* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

In addition, Plaintiff has filed an "Opposed Motion for Leave to Amend Second Amended Complaint and Jury Demand" (ECF No. 137), seeking to amend the complaint yet again. The motion was filed prematurely given that the Court had not ruled on Plaintiff's previous motion to amend. The motion, which has been fully briefed (ECF Nos. 136-45), is hereby denied without prejudice, with leave to refile in response to this order.

I.     **LEGAL STANDARDS**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of a timely objection, the district may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

A motion for leave to amend the complaint should be granted when justice so requires. Fed. R. Civ. P. 15(a)(2). But after a scheduling order deadline, a party seeking leave to amend must demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4). Courts "generally refuse leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted). To determine whether a claim is plausible, a court considers "the elements of the particular cause of action, keeping in mind that the Rule 12(b)(6) standard doesn't require a plaintiff to set forth a prima facie case for each element." *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1247 (10th Cir. 2016) (quotation omitted). However, if the allegations "are so general that they encompass a wide swath of conduct, much of it innocent," the plaintiff has not "nudged [her] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotation omitted).

Plaintiff proceeds pro se; thus, the Court construes her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the Court cannot act as Plaintiff's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. BACKGROUND

Plaintiff, a sixty-one-year-old woman in July 2017, alleges she was assaulted by an unknown female at a local library and called 911. After police arrived, Plaintiff was brought to the hospital for a mental health evaluation, where she was detained for several hours. Plaintiff contends that she did not consent to being detained at the hospital and that Defendants conspired to deprive her of her constitutional rights.

Plaintiff filed this case almost two years later, in July 2019. Defendants filed motions to dismiss her complaint, and the Court granted Plaintiff's request to file an amended complaint. (*See* ECF No. 82, First Am. Comp.) Defendants again filed motions to dismiss, and Plaintiff again requested leave to amend. Those motions were referred to the magistrate judge.

The magistrate judge determined that Plaintiff's motion was not unduly delayed and that Plaintiff had shown good cause for the amendments with one exception—her new claim for outrageous conduct against all Defendants. The magistrate judge found that claim was not based on any new information and did not clarify any existing allegations or claims.[1] The magistrate judge further found that the amendments would be futile with respect to the claims against the Medical Defendants. First, Plaintiff's claims under 42 U.S.C. § 1983 against the Medical Defendants were barred because the allegations failed to show they were state actors. Much of the thirty-four-page recommendation is devoted to applying the four tests used in this circuit to determine when private actors may be held accountable as state actors for a constitutional deprivation. Second, the magistrate judge determined Plaintiff's claims under 42 U.S.C. § 1985 failed because Plaintiff failed to allege facts showing the Medical Defendants' acts were

---

[1] Plaintiff does not object to this finding, stating that she defers to the Court as to the lateness of this new claim. (ECF No. 132 at 15.)

4

motivated by discriminatory animus. Finally, the magistrate judge determined that the Court should decline to exercise jurisdiction over the remaining state claims.[2] Subject to these limitations, the magistrate judge recommends that Plaintiff's motion to amend the first amended complaint be granted in part.

### III. ANALYSIS

Plaintiff's objection the magistrate judge's recommendation is not a model of clarity. To the extent she specifically identifies issues in the magistrate judge's recommendation, the Court finds her arguments unpersuasive. Nothing in the objections shows that the magistrate judge erred by finding that the allegations fail to show state action by the Medical Defendants. It is well established that Colorado's grant of authority for a short-term involuntary hold in a private hospital is insufficient to establish that the hospital or its employees are state actors. *See Wittner v. Banner Health*, 720 F.3d 770, 776 (10th Cir. 2013). As in this case, the individual in *Wittner* who was placed on an involuntary mental health hold was transported to the medical center by police. *Id.* at 771. Plaintiff cites no legal authority or allegation of coercive conduct by Defendant Jann to support her position that his presence or influence somehow rendered the Medical Defendants state actors for the purpose of stating a § 1983 claim. Plaintiff fails to show or explain how her disagreement with the Medical Defendants' procedures or diagnoses is at all relevant to whether they acted under color of state law. (*See* ECF No. 132 at 11.)

Nor does Plaintiff offer more than conclusory assertions that Defendants' conduct was motivated by discriminatory animus to support a claim under 42 U.S.C. § 1985. *See Jones v. Norton*, 809 F.3d 564, 578 (10th Cir. 2015) (stating that § 1985 claims require a showing of

---

[2] Plaintiff makes no specific objection to this finding, either, stating merely that "she would like another opportunity to move forward with her claims for civil conspiracy under state law." (ECF No. 132 at 15.)

some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action). Plaintiff's repeated contentions that Defendants retaliated against her for her political speech or that they acted spitefully do not amount to a showing of such animus. And her contention that she was discriminated against as a "class of one" is raised for the first time in her objections; therefore, that argument is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). It lacks merit in any event, because Plaintiff has not alleged facts showing any evidence of bias or prejudice on the part of any Defendant or of any similarly situated person who was treated more favorably. Conclusory allegations are insufficient to show a plausible right to relief. *See Cory*, 583 F.3d at 1244.

   To the extent Plaintiff argues that the magistrate judge should have placed more weight on certain evidence in the record, such as a patient assist form and photographs that were taken of her from around the time of the incident, she misunderstands the Court's role in evaluating a motion to dismiss, which "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am.*, 757 F.3d at 1135 (quotation omitted). Plaintiff's contention that the magistrate misattributed a statement in the record to Defendant Hirsch is immaterial with respect to whether he acted under color of state law or expressed discriminatory animus against Plaintiff. (*See* ECF No. 132 at 4.) Likewise, Plaintiff's contentions that the magistrate judge acted improperly by suggesting motions to stay and restrict, in addition to being unsupported, have nothing to do with the substantive determinations in the recommendation. (*See id.* at 5.)

6

In short, the Court discerns no basis for sustaining Plaintiff's objections. With respect to the aspects of the recommendation that Plaintiff did not object to, the Court finds the magistrate judge's analysis was thorough and sound and discerns no material errors on the face of the record.

## IV.  CONCLUSION

Therefore, the Court OVERRULES Defendant's objection (ECF No. 132), ACCEPTS and ADOPTS the recommendation (ECF No. 131), and GRANTS IN PART and DENIES IN PART the motion to amend (ECF No. 107), as stated herein. The Court GRANTS the Medical Defendants' motions to dismiss (ECF Nos. 89, 93, 94) and DENIES WITHOUT PREJUDICE the County Defendants' motion to dismiss (ECF No. 92), as set forth in the recommendation. The Court DENIES WITHOUT PREJUDICE Plaintiff's third motion to amend (ECF No. 137). The Clerk is directed to docket the second amended complaint as a separate entry.

DATED this 25th day of August, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge