IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02132-RM-MEH

DEBRA CARROLL,

      Plaintiff,

v.

JEFFERSON COUNTY SHERIFF, JEFF SCHRADER, in his official capacity,
CODY JANN, in his individual and official capacity,
THERESE S. GIST, in her individual and official capacity,
JEFFERSON COUNTY PUBLIC LIBRARY,
SHERYL DITTON, in her individual and official capacity,
EMILY KOLM, in her individual and official capacity,
CENTURA HEALTH CORPORATION d/b/a Littleton Adventist Hospital, assumed or trade
name: PorterCare Adventist Health System,
DEVIN C. BATEMAN, M.D.,
TIMOTHY M. HIRSCH, P.A., and
JANE AND JOHN DOES 1-10,

      Defendants.

_____

**ORDER**

_____

      Before the Court are three motions for attorney fees by Defendants Bateman, Hirsch, and

Littleton Adventist Hospital (the "Medical Defendants") (ECF Nos. 180, 181, 183), all of whom

were dismissed from this case in the Court's August 25, 2020 Order (ECF No. 147).  Plaintiff

has filed a Response to the motions (ECF No. 185), and Defendants have filed Replies (ECF

Nos. 188, 189, 190).  For the reasons below, the motions are granted.

      After Plaintiff called 911 from a public library, police brought her to the Littleton

Adventist Hospital for a mental health evaluation, where she was detained for several hours.

About two years later, Plaintiff filed this pro se lawsuit against three entities, six named

individuals, and various Doe defendants, asserting eight claims for relief.  (ECF No. 1.)  The Medical Defendants each filed motions to dismiss the Complaint, which were fully briefed. (ECF Nos. 10, 14, 16, 32, 33, 34, 36, 40, 42.)  Plaintiff then sought and obtained leave to file an Amended Complaint (ECF No. 82), prompting another round of motions to dismiss by the Medical Defendants (ECF Nos. 89, 93, 94), which were referred to the magistrate judge for a recommendation.

Once those motions were fully briefed (ECF Nos. 102, 103, 105, 119, 121, 122), the magistrate judge determined that the claims against the Medical Defendants should be dismissed with prejudice (and that further amendment of the Complaint would be futile as to the claims against these Defendants) because Plaintiff's allegations failed to establish that the Medical Defendants were state actors—a necessary element of a claim brought under 42 U.S.C. § 1983— or that they committed acts motivated by discriminatory animus—a necessary element of a claim brought under 42 U.S.C. § 1985 (ECF No. 131).  Plaintiff filed an Objection to the Recommendation (ECF No. 132), and the Medical Defendants each filed Responses to the Objection (ECF Nos. 139, 140, 141).  The Court overruled the Objection and granted the Medical Defendants' motions to dismiss.  (ECF No. 147.)  The lawsuit proceeded with the remaining Defendants.  All of Plaintiff's claims were ultimately dismissed, and an Amended Final Judgment entered on July 2, 2021.  The Medical Defendants' motions for attorney fees followed.

The Medical Defendants each argue they are entitled to fees pursuant to 42 U.S.C. § 1988, Colo. Rev. Stat. § 13-17-101, and Colo. Rev. Stat. § 13-17-201.  Pursuant to § 1988, this Court has discretion to award reasonable attorney fees to the "prevailing party" in a § 1983 proceeding.  Section 13-17-101(4), requires the Court to assess attorney fees if it finds that a

party brought an action that is "substantially frivolous, substantially groundless, or substantially vexatious."  And pursuant to § 13-17-201, an award of attorney fees to a prevailing defendant is mandatory when the plaintiff's tort action "is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure."

In her Response, Plaintiff argues that she "did not intentionally file a frivolous, groundless, or vexatious lawsuit. . . .  Nor did she realize the enormous costs that were being generated."  (ECF No. 185 at 4.)  But the fact that she filed this lawsuit and persisted in pursuing her groundless claims had consequences for the Medical Defendants, who incurred significant expenses due to her vexatious conduct, her status as a first-time, pro se litigant notwithstanding.  The Court cannot condone Plaintiff's "sue first, ask questions later" approach to this litigation.  For years, she continued to file verbose, rambling, and disjointed pleadings, including an eighty-four-page First Amended Complaint, that imposed substantial burdens on Defendants.  Thus, even if an attorney fees award were not required under § 13-17-201, the Court would conclude that an award is appropriate under § 13-17-101(4) on the grounds that this lawsuit was substantially frivolous, substantially groundless, or substantially vexatious, and under § 1988, given that the Medical Defendants are prevailing parties.

Plaintiff does not meaningfully address the amounts of the Medical Defendants' fee requests.  Based on its review of counsels' submissions, the Court finds and concludes that the hours expended and the hourly rates charged are reasonable in light of Plaintiff's numerous and voluminous filings.  *See Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  To the extent she argues that the attorneys expended too much time on this case or made repetitive arguments, the Court finds such labor was precipitated by Plaintiff's prolix, hard-to-follow, and repetitive filings.  Nor was it inappropriate for the attorneys to confer with one another in the

course of defending their respective clients.  Again, it was Plaintiff's decision to hale these Defendants into court and to assert so many claims against them.

Therefore, the Court GRANTS the Medical Defendants' motions (ECF Nos. 180, 181, 183), and ORDERS Plaintiff to pay as follows:

(1)	$30,008 to Defendant Bateman for his reasonable attorney fees incurred in defending this matter,

(2)	$45,514 to Defendant Hirsch, for his reasonable attorney fees incurred in defending this matter, and

(3)	$30,988 to Defendant PorterCare Adventist Health System d/b/a Centura Health and incorrectly named as Littleton Adventist Hospital, for its reasonable attorney fees incurred in defending this matter.

DATED this 1st day of November, 2021.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge